# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

JOHN BUTLER,

    Petitioner,

v.

SHERIFF BARNES,

    Respondent.

Case No. SA CV 19-2034 JFW (MRW)

**ORDER DISMISSING ACTION**

    The Court summarily dismisses Petitioner's habeas corpus action based on the <u>Younger</u> abstention doctrine.

\* \* \*

    1.    Petitioner is a pretrial detainee in an Orange County jail. Apparently due to issues involving Petitioner's mental competency and his dissatisfaction with his attorneys (Docket # 10 at 3-4), Petitioner has been in custody for several years.

    2.    Petitioner filed a petition in this Court seeking habeas corpus review under 28 U.S.C. § 2254. (Docket # 1 at 1.) The petition does not list

any recognizable federal constitutional challenges to a criminal conviction. Rather, the petition lists various jail-based grievances, including limited contact with his attorneys and medical care issues. (Id. at 5-7.) Petitioner acknowledges that he has not presented these claims to the state supreme court for consideration. (Id.)

3. Magistrate Judge Wilner preliminarily reviewed the petition. Judge Wilner directed Petitioner to explain why this federal court could properly hear any of his claims at this stage of his ongoing local criminal case. (Docket # 3, 6.) Petitioner submitted various letters and notices in response to the screening order. (Docket # 5, 9, 10, 11.) However, none directly addressed the issues raised in the screening order.

\* \* \*

4. If it "appears from the application that the applicant or person detained is not entitled" to habeas relief, a court may dismiss a habeas action without ordering service on the responding party. 28 U.S.C. § 2243; see also Rule 4 of Rules Governing Section 2254 Cases in United States District Courts (petition may be summarily dismissed if petitioner plainly not entitled to relief); Local Civil Rule 72-3.2 (magistrate judge may submit proposed order for summary dismissal to district judge "if it plainly appears from the face of the petition [ ] that the petitioner is not entitled to relief").[1]

5. Petitioner is not entitled to pursue habeas relief under 28 U.S.C. § 2254 as he requests. That statute requires a prisoner to establish that s/he is "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a). A pretrial detainee like Petitioner is not in

---

[1] Petitioner's objection to the magistrate judge's involvement in the case is overruled. (Docket # 11.) The assigned district judge expressly referred the matter to the magistrate judge for preliminary proceedings. (Docket # 2.) This final dismissal order is authorized by the district judge. 28 U.S.C. § 636.

custody due to a conviction or judgment. Habeas relief under Section 2254 is not available.

6. The Court could potentially exercise jurisdiction under 28 U.S.C. § 2241 to consider a habeas petition brought by a pre-trial detainee such as Petitioner. However, federal courts generally abstain from interfering with pending state criminal proceedings until the conviction becomes final after the conclusion of appellate proceedings. Younger v. Harris, 401 U.S. 37, 45 (1971); Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 489 (1973) (same).

7. Younger abstention "is appropriate if (1) there are ongoing state judicial proceedings, (2) the proceedings implicate important state interests, and (3) there is adequate opportunity in the state proceedings to raise federal questions." Dubinka v. Judges of Superior Court, 23 F.3d 218, 223 (9th Cir. 1994); Sheehee v. Baca, 588 F. App'x 716 (9th Cir. 2014) (same). To that end, federal courts recognize that "the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." Kelly v. Robinson, 479 U.S. 36, 49 (1986).

8. There are few exceptions to the Younger rule. A prisoner may seek pre-conviction habeas relief in federal court by demonstrating "extraordinary circumstances" such as "cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction." Brown v. Ahern, 676 F.3d 899, 903 (9th Cir. 2012). Another valid exception is when a prisoner raises a "colorable claim of double jeopardy." Stanley v. Baca, 555 F. App'x 707, 708 (9th Cir. 2014) (quoting Mannes v. Gillespie, 967 F.2d 1310, 1312 (9th Cir. 1992)).

1        9.    Petitioner fails to meet these vigorous standards.  Petitioner has not been tried or convicted yet, and has not convincingly established that he lacks the opportunity to raise his constitutional claims in his ongoing state criminal case.  <u>Dubinka</u>, 23 F.3d at 224.  Further, his complaints are too ill-formed to constitute proven claims of bad faith, extraordinary circumstances by local officials, or impending double jeopardy violations that warrant federal habeas intervention.  <u>Brown</u>, 676 F.3d at 901; <u>Stanley</u>, 555 F. App'x at 708.

         10.   Accordingly, <u>Younger</u> abstention "requires dismissal of a habeas petition that prematurely" raises allegations of constitutional injury.[2]  <u>Brown</u>, 676 F.3d at 903; <u>Braden</u>, 410 U.S. at 489.

---

[2] In liberally reading Petitioner's <u>pro se</u> filing, the Court could potentially construe Petitioner's access-to-courts claim as a civil rights cause of action under 42 U.S.C. § 1983.  Although the Court has discretion to convert a habeas petition into a civil rights complaint, it declines to do so here.  <u>See</u> <u>Wilwording v. Swenson</u>, 404 U.S. 249, 251 (1971) (superceded by statute on other grounds).  The petition is too vague in identifying any culpable tortfeasor, and does not adequately set forth all elements of such a claim.  Moreover, Petitioner would be liable for a considerably higher filing fee should the Court automatically convert the petition to a civil complaint.

4

Therefore, the present action is DISMISSED without prejudice.

IT IS SO ORDERED.

Dated: January 14, 2020

_____
HON. JOHN F. WALTER
UNITED STATES DISTRICT JUDGE

Presented by:

_____
HON. MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE